UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SIERRA CLUB<br>85 Second Street, 2nd Floor<br>San Francisco, CA 94105,<br><br>and<br><br>WILDEARTH GUARDIANS<br>312 Montezuma Ave.<br>Santa Fe, NM 87501<br><br>             Plaintiffs,<br><br>v.<br><br>LISA P. JACKSON, in her official capacity<br>as Administrator, United States Environmental<br>Protection Agency,<br>Ariel Rios Building<br>1200 Pennsylvania Avenue, NW<br>Washington, D.C. 20460,<br><br>             Defendant. | CIVIL FILE ACTION NO._____ |

## COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF

### I. INTRODUCTION

1.      Plaintiffs Sierra Club and WildEarth Guardians bring this Clean Air Act ("CAA")

citizen suit to compel the United States Environmental Protection Agency ("EPA") to undertake

overdue nondiscretionary duties. Specifically, Sierra Club and WildEarth Guardians challenge

the failure of Defendant, Lisa P. Jackson, in her official capacity as Administrator of the EPA, to

perform certain mandatory duties required by the CAA 42 U.S.C. §§ 7401-7671q, including the

failure to take final action under 42 U.S.C. § 7410(k)(2) on multiple State Implementation Plans

("SIPs") submittals.

2.    In an effort to protect and enhance the quality of the nation's air, the CAA requires EPA to establish National Ambient Air Quality Standards ("NAAQS"). The CAA then requires individual states to develop the plans, known as State Implementation Plans (SIPs), to achieve and maintain those standards. The states are required to submit their SIPs to the EPA for review by the EPA to determine if the SIPs comply with the CAA. The CAA establishes a mandatory duty for EPA to take final action under on SIP submittals within 12 months after a state has submitted a SIP submittal that is administratively complete and publish notice of that action in the Federal Register.

3.    EPA has failed to take final action on the 1997 Ozone National Ambient Air Quality Standard Infrastructure SIP submittals for Maine, Rhode Island Connecticut, New Hampshire, Alabama, Kentucky, Mississippi, South Carolina, Wisconsin, Indiana, Michigan, Ohio, Louisiana, Kansas, Nebraska, Missouri, Colorado, Montana, South Dakota, Utah and Wyoming.

4.    Had EPA approved the 1997 Ozone NAAQS Infrastructure SIPs for these states, EPA and citizens would be able to enforce the plans to ensure that the states attain and maintain health based NAAQS by the deadlines in the CAA. Had EPA disapproved the 1997 Ozone NAAQS SIPs as inconsistent with the CAA, the state would have already been required to make changes to the SIPs to meet the minimum requirements of the CAA or EPA would be required to impose sanctions and promulgate Federal Implementation Plans (FIPs).

5.    Instead, EPA has failed to act on these SIP submittals, ignoring EPA's mandatory role to ensure that State plans attain and maintain the NAAQS to protect public health and welfare.

## II. JURISDICTION, VENUE AND NOTICE

6.      This action is brought pursuant to the Clean Air Act, 42 U.S.C. § 7401, *et seq.* Thus, this Court has subject matter jurisdiction over the claims set forth in this compliant pursuant to 42 U.S.C. § 7604(a)(2). This Court also has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question). An actual controversy exists between the parties. This case does not concern federal taxes, is not a proceeding under 11 U.S.C. §§ 505 or 1146, and does not involve the Tarif Act of 1930. Thus, this Court has authority to order the declaratory relief requested under 28 U.S.C. § 2201. If the Court orders declaratory relief, 28 U.S.C. § 2202 authorizes this Court to issue injunctive relief.

7.      A substantial part of the alleged events or omissions giving rise to Plaintiff's claims occurred in the District of Columbia. In addition, Defendant Lisa P. Jackson officially resides in the District of Columbia. Thus, venue is proper in this Court pursuant to 28 U.S.C. §1391(e).

8.      On August 17, 2009 Plaintiff also mailed a letter via certified mail, return receipt requested to Defendant Lisa P. Jackson stating that Plaintiffs intended to sue Defendant for failure to take final action under 42 U.S.C. § 7410(k)(2) and publish notice of that action in the Federal Register on the 1997 Ozone NAAQS Infrastructure State Implementation Plans (SIPs) for Maine, Rhode Island, Connecticut, New Hampshire, Alabama, Kentucky, Mississippi, South Carolina, Wisconsin, Indiana, Michigan, Ohio, Louisiana, Kansas, Nebraska, Missouri, Colorado, Montana, South Dakota, Utah and Wyoming.

9.      More than sixty (60) days have passed since Defendant received Plaintiffs' notice of intent to sue letter. To date, Defendant has not remedied the violations alleged in this Complaint. Therefore, an actual controversy exists between the parties.

### III.   PARTIES

10.     Plaintiff **SIERRA CLUB** sues on behalf of itself and its adversely impacted members. Sierra Club, founded in 1892, is a nonprofit public-benefit corporation with more than 700,000 members in the United States and with one or more chapters in every state. The Sierra Club's purpose includes "to practice and to promote responsible use of the earth's ecosystem and resources; to enlist and to educate humanity to protect and to restore the quality of the natural and human environment, and to use all lawful means to carry out these objectives." Sierra Club activities include hiking, canoeing, caving, swimming, fishing, nature study, and advocacy for the improvement and protection of water quality and air quality across the nation.

11.     Plaintiff **WILDEARTH GUARDIANS** ("Guardians") sues on behalf of itself and its adversely affected members. On September 4, 2008, Rocky Mountain Clean Air Action, merged with Guardians with Guardians being the surviving organization with all the rights and responsibilities of Rocky Mountain Clean Air Action. WildEarth Guardians protects and restores wildlife, wild rivers, and wild places in the American West. Guardians has over 4,500 members, some of whom reside in the District of Columbia.

12.     Sierra Club and Guardians members live, work, raise their families, recreate and engage in economic and other activities, and will continue to do so on a regular basis, in and around Maine, Rhode Island, Connecticut, New Hampshire, Alabama, Kentucky, Mississippi, South Carolina, Wisconsin, Indiana, Michigan, Ohio, Louisiana, Kansas, Nebraska, Missouri, Colorado, Montana, South Dakota, Utah and Wyoming. They are adversely affected by exposure to ozone. The adverse effects of such pollution include actual and/or threatened harm to their health, their families' health, their professional well being, educational and economic interests, and their aesthetic and recreational enjoyment of the environment in these states and areas.

4

13.     The CAA violations alleged in this Complaint also deprive Sierra Club, Guardians and their members of certain procedural rights associated with EPA's required duty to take final action under 42 U.S.C. § 7410(k)(2) on SIPs, including notice and opportunity to comment. The CAA violations alleged in this Complaint also deprive Sierra Club, Guardians and their members of certain information.

14.     Because Defendant has not taken final action on the SIPs and published notice of that action Sierra Club and Guardians' members cannot be certain that the SIPs ensure that the states attain and maintain the health and public welfare based NAAQS. In other words, EPA's failure to take final action prevents Sierra Club and Guardians' members from being certain that the SIPs afford the public the level of protection that the CAA requires.

15.     The CAA violations alleged in this Complaint have injured and will continue to injure the interests of Plaintiffs organization and their members, unless and until this Court grants the requested relief. Granting the relief requested in this lawsuit would address these injuries by compelling EPA action.

16.     Defendant **LISA P. JACKSON** is sued in her official capacity as the Administrator of the United States Environmental Protection Agency. She is charged in that role with taking various actions to implement and enforce the CAA, including the requirement to take final action on SIPs and the other actions sought in this Complaint.

### IV. STATUTORY FRAMEWORK

17.     The Clean Air Act aims "to protect and enhance the quality of the Nation's air resources." 42 U.S.C. § 7401(b)(1).

18.    To help achieve this goal, the CAA, including the 1990 amendments, establishes a partnership between EPA and the states for attainment and maintenance of national air quality goals. *See* 42 U.S.C. §§ 7401-7515.

19.    Pursuant to the CAA, EPA has set health based primary and public welfare based secondary national ambient air quality standards (NAAQSs) to limit levels of "criteria pollutants," including ozone. *See* 40 C.F.R. part 50.4-50.13.

20.    The NAAQS are designed to protect the public from being exposed to levels of air pollutants that EPA has found to have adverse health and welfare impacts.

21.    The Clean Air Act requires all areas of the country to meet NAAQS. 42 U.S.C. § 7409-7410.

22.    In order to achieve this goal, States, or regions within a state, must adopt a pollution control plan (known as a State Implementation Plan ("SIP")) that contains enforceable emissions limitations necessary to attain and maintain the NAAQS and meet other applicable requirements of the CAA.  42 U.S.C. §§ 7410(a)(1), (a)(2)(A); § 7401(a)(1), (k).

23.    The CAA requires States to submit SIPs that provide for the implementation, maintenance, and enforcement of a new or revised NAAQS no later than three (3) years after promulgating the NAAQS.  42 U.S.C. § 7410.

24.    After the EPA-set deadline for States to submit their revised SIPs expires, EPA is required to make a finding as to whether the SIP submittal is complete within six months.  If EPA fails to determine whether a SIP submittal is complete, it is deemed complete by operation of law six months after a state has submitted it.

25.      Once a SIP is found or deemed by operation of law complete, EPA <u>must take final action</u> on the SIP approving in full, disapproving in full, or approving in part and disapproving in part within one year.  42 U.S.C. § 7410(k)(2).  This is a mandatory duty.

## V.      STATEMENT OF FACTS

### - Infrastructure SIPs for the 1997 8-Hour Ozone NAAQS -

26.      EPA has failed to take final action approving or disapproving in whole or part on the 1997 8-hour ozone NAAQS Infrastructure SIPs for Maine, Rhode Island, Connecticut, Ohio, Louisiana, Kansas, Nebraska, Missouri, Colorado, Montana, South Dakota, Utah, and Wyoming and publish notice of its action.

27.      Pursuant to 42 U.S.C. § 7410, EPA has a mandatory duty to take final action (i.e. to approve, disapprove, approve in part or disapprove in part) on the 1997 8-hour ozone NAAQS Infrastructure SIPs for Maine, Rhode Island, Connecticut, Ohio, Louisiana, Kansas, Nebraska, Missouri, Colorado, Montana, South Dakota, Utah, and Wyoming and publish notice of its action.

28.      EPA required States to submit a SIP by January 7, 2008.  73 FR 16205, 16207 (March 27, 2008).

29.      On March 27, 2008 (effective April 28, 2008), EPA found that Maine, Rhode Island, Connecticut, Ohio, Louisiana, Kansas, Nebraska, Missouri, Colorado, Montana, South Dakota, Utah, and Wyoming had submitted administratively complete 1997 8-hour ozone NAAQS Infrastructure SIPs.  73 FR at 16208.

30.      Even if EPA did not make a completeness finding on the 1997 8-hour ozone NAAQS Infrastructure SIPs for Maine, Rhode Island, Connecticut, Ohio, Louisiana, Kansas, Nebraska, Missouri, Colorado, Montana, South Dakota, Utah, and Wyoming, such SIPs would have been deemed complete by operation of law six months after they were submitted.

31.     EPA was required to take final action within one year after the effective date of its completeness finding, or in other words by April 28, 2009.

32.     EPA has failed to take final action the 1997 8-hour Ozone NAAQS Infrastructure SIPs for Maine, Rhode Island, Connecticut, Ohio, Louisiana, Kansas, Nebraska, Missouri, Colorado, Montana, South Dakota, Utah, and Wyoming and publish notice of its action.

### FIRST CLAIM FOR RELIEF

### FAILURE TO PERFORM A NON-DISCRETIONARY DUTY TO ACT TO TAKE FINAL ACTION UNDER 42 U.S.C. § 7410(k)(2) ON STATE IMPLEMENTATION PLANS (CAA 42 U.S.C. 7604(a)(2))

33.     Each allegation set forth in the complaint is incorporated herein by reference.

34.     Maine, Rhode Island, Connecticut, Ohio, Louisiana, Kansas, Nebraska, Missouri, Colorado, Montana, South Dakota, Utah, and Wyoming submitted 1997 8-hour ozone NAAQS Infrastructure SIPS to EPA.

35.     On March 27, 2008 (effective April 28, 2008), EPA found that Maine, Rhode Island, Connecticut, Ohio, Louisiana, Kansas, Nebraska, Missouri, Colorado, Montana, South Dakota, Utah, and Wyoming had submitted administratively complete 1997 8-hour ozone NAAQS Infrastructure SIPs.  73 FR 16205, 16208 (March 27, 2008).

36.     The CAA requires EPA to act on (*i.e.* approve, disapprove, or approve in part and disapprove in part) the 1997 8-hour ozone NAAQS Infrastructure SIPs within 12 months of the date of the completeness finding.  42 U.S.C. § 7410(k).  Thus, the deadline for EPA to act was on or about April 28, 2009.

37.     To date, EPA has failed to take final action on the 1997 8-hour ozone NAAQS Infrastructure SIPS for Maine, Rhode Island, Connecticut, Ohio, Louisiana, Kansas, Nebraska, Missouri, Colorado, Montana, South Dakota, Utah, and Wyoming.

38.     Accordingly, EPA has violated and continues to violate CAA §110(k)(2), 42 U.S.C. § 7410(k), since April 28, 2009.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court grant the following relief:

[A]     DECLARE

That Defendant's failure to take final action on the 1997 8-hour ozone NAAQS Infrastructure SIPs for Maine, Rhode Island, Connecticut, Ohio, Louisiana, Kansas, Nebraska, Missouri, Colorado, Montana, South Dakota, Utah, and Wyoming and publish notice on that action constitutes a failure to perform an act or duty that is not discretionary for Defendant within the meaning of 42 U.S.C. § 7509(c)(1); 42 U.S.C. §7511(b)(2)(A);

[B]     ORDER

Defendant to take final action on the 1997 8-hour ozone NAAQS Infrastructure SIPs for Maine, Rhode Island, Connecticut, Ohio, Louisiana, Kansas, Nebraska, Missouri, Colorado, Montana, South Dakota, Utah, and Wyoming by a certain date;

[C]     RETAIN jurisdiction of this action to ensure compliance with the Court's Order;

[D]     AWARD Plaintiffs the costs of litigation, including reasonable attorneys' fees and costs; and

[E]     GRANT such other relief as the Court deems just and proper.

Respectfully submitted,

/s/ Robert Ukeiley
Robert Ukeiley
Law Office of Robert Ukeiley
435 R Chestnut Street, Suite 1

9

Berea, KY 40403
Tel: (859) 986-5402
Fax: (866) 618-1017
E-mail: rukeiley@igc.org

Counsel for Plaintiffs

Dated:  January 22, 2010